WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Invoke LLC, et al., | No. CV-20-00906-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Combine Performance Golf LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Partial Motion to Dismiss (Doc. 13), in which they seek to dismiss two counts from Plaintiffs' Complaint (Doc. 1) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion also seeks to dismiss Defendant John Brenkus ("Brenkus") from this action for lack of personal jurisdiction under Rule 12(b)(2). Plaintiffs have filed their Response (Doc. 20), and Defendants have filed their Reply (Doc. 23). The matter is fully briefed.

**I.     Background**

Plaintiffs allege trouble with a business venture. It began when Plaintiffs John Abbey ("Abbey") and Catalina Jimenez ("Jimenez") decided to help Defendant Michael Pinkey's ("Pinkey") company, Combine Performance Golf LLC ("Combine"), develop a line of nutrient supplements. (Doc. 1 at ¶ 17). Through their dealings, one of Abbey's companies, Invoke LLC ("Invoke"), acquired a 20% ownership interest in Combine. (*Id.* at ¶ 18). Another of Abbey's companies, Virtue Vape LLC ("Virtue Vape"), made a loan to Combine to help build a new facility to produce the supplements. (*Id.* at ¶¶ 19–20).

1    The Complaint alleges that on October 23, 2019, Invoke registered the trademark for the supplement line, "CP Nutrition" ("Trademark"). (*Id.* at ¶ 56). It also alleges that, at some time in early October 2019, Pinkey told Abbey that he wanted to remove Invoke as a member of Combine. (*Id.* at ¶ 29). In addition, without specifying when, the Complaint alleges that Pinkey told Abbey he wanted the rights to the Trademark. (*Id.* at ¶ 32). Abbey told Pinkey he would remove Invoke on the condition that Combine's other members pay Invoke for its share according to the terms of Combine's Operating Agreement and that Combine pay its outstanding debt of $41,822.41 to Virtue Vape. (*Id.* at ¶¶ 26, 31, 100–04). Abbey also said that he would transfer the Trademark once Combine compensated Invoke for its membership interest and repaid Virtue Vape's loan. (*Id.* at ¶ 33).

Also on October 23, 2019, the Complaint alleges that, "Defendants improperly removed Invoke as a member of Combine." (*Id.* at ¶ 35). Finally, the Complaint alleges that Combine has not paid Invoke for its membership interest, that it has not repaid Virtue Vape's loan, and that it continues to use the Trademark despite having no right to it. (*Id.* at ¶¶ 62, 64, 93, 102).

The named Defendants in this action include Combine and three of its members, Defendants Pinkey, Travis Weza ("Weza"), and Brenkus. (*Id.* at ¶ 5–8); (Doc. 1-3 at 3). Plaintiffs also include these three members' wives as Defendants, each as a "Jane Doe." (Doc. 1 at 2). Among Plaintiffs' ten claims against Defendants, Count I and Count II allege unfair competition and trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Delaware law. (*Id.* at ¶¶ 53–74). Plaintiffs' other eight claims are all either Delaware or Arizona state-law claims. (*Id.* ¶¶ 75–143).

Defendants' Partial Motion to Dismiss seeks to dismiss Counts I and II for failing to state a claim for trademark infringement. (Doc. 13 at 1). The Motion also seeks to dismiss Brenkus from this action for lack of personal jurisdiction. (*Id.*) The Court will first assess whether Plaintiffs state claims for trademark infringement.

/ / /

## II. Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, while courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistren v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### A. Trademark Infringement Under the Lanham Act

Count I of the Complaint brings a trademark infringement claim under the Lanham Act. (Doc. 1 at ¶¶ 53–67). Plaintiffs specifically bring Count I under 15 U.S.C. § 1125(a), which states that, "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device or any combination thereof . . . which . . . is likely to cause confusion . . . shall be liable in a civil action." A plaintiff bringing this claim must prove two elements: "(1) that it has a protectable ownership interest in the mark, and (2) that the defendant's use of the mark is likely to cause

consumer confusion." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (quoting *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011)); *see also S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014); *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).

"It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Rearden*, 683 F.3d at 1203 (quoting *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996)). Under the Lanham Act, the term "'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127; *see Rearden*, 683 F.3d at 1203.

**B.     Analysis**

Defendants' argument focuses on the first element of a Lanham Act claim, demonstrating a protectable ownership interest. (Doc. 13 at 6–7). They argue that Plaintiffs have not shown an ownership interest, and, to the contrary, the Complaint shows Combine was the first to use the Trademark. (*Id.*) Defendants point to Exhibit C of the Complaint, which contains social media posts documenting Combine's use of the Trademark in August 2019 at the earliest. (Doc. 1-4 at 5). Furthermore, Defendants argue "Invoke registered the CP Nutrition trademark only *after* Pinkey told Abbey he no longer wanted to work with Abbey or Invoke, and on the *same day* Combine Performance removed Invoke as a member." (Doc. 13 at 4).[1] Ultimately, Defendants argue the Complaint shows Plaintiffs' attempt to "hijack their former company's intellectual

---

[1] Defendants request the Court take judicial notice of a Trademark Electronic Search System record for the purpose of establishing that Invoke registered the Trademark on October 23, 2019. (Doc. 14 at 3 n.4). But Plaintiffs' Complaint already alleges that Invoke registered the Trademark on October 23. (Doc. 1 at ¶ 56). Because the main focus of the Court's inquiry here is on the Complaint, it is not necessary to take notice of redundant information. *Cf. Lee*, 250 F.3d at 679 (stating that factual allegations in a complaint are presumed true on a motion to dismiss). Therefore, the Court will deny Defendants' request.

property," an attempt that does not give rise to a Lanham Act claim. (*Id.* at 5).

In their Response, Plaintiffs do not contest that Combine used the Trademark first. However, they argue the parties had agreed that Invoke and Abbey were the rightful owners of the Trademark. (Doc. 20 at 8). To evidence this agreement, Plaintiffs cite the allegations that Abbey helped develop the nutrient supplements, that Pinkey asked Abbey to let him have the Trademark, and that Abbey said he was not willing to transfer the trademark until his companies were repaid. (Doc. 1 at ¶¶ 16–17, 32–34). Although nothing in the Complaint explicitly states that there was an agreement, Plaintiffs argue one can be inferred by viewing the allegations in Plaintiffs' favor. (Doc. 20 at 8).

Trademark ownership may be demonstrated by priority of use. *Rearden*, 683 F.3d at 1203. Trademark owners may also agree to assign their rights to others. *Russell Road Food and Beverage, LLC v. Spencer*, 829 F.3d 1152, 1156 (9th Cir. 2016). If an agreement existed by which Combine gave the Trademark to Invoke, the question then is whether the Complaint's allegations show this above a speculative level. *See Twombly*, 550 U.S. at 555. They do not.

To begin, the Complaint does not list its allegations chronologically, and so the exact order of events is unclear.[2] Because the chronology is unclear, determining whether an agreement existed calls for speculation. Based on the facts as they are alleged, Pinkey may have asked for the Trademark rights after October 23, 2019, when Invoke had registered the Trademark for itself. But Pinkey may have also asked Invoke for the Trademark before October 23, pursuant to an agreement that the Complaint never explicitly mentions. While it still is possible that an agreement existed, the Complaint does not allege sufficient facts to demonstrate its existence beyond a speculative level. *See id*. Therefore, the Complaint does not adequately plead the existence of an agreement

---

[2] For example, Paragraph 28, without stating when, alleges that Invoke obtained a federal trademark for "CP Nutrition." Next, Paragraph 29 alleges that, "[a]round the beginning of October, [sic] 2019, the relationship between Pinkey and Abbey began to deteriorate and Pinkey informed Abbey that he was overwhelmed and wanted to remove Invoke as a member of Combine Performance Golf." Later, at Paragraph 56, the Complaint clarifies that Inovoke registered the Trademark on October 23, presumably after the relationship began to deteriorate.

between Combine and Invoke whereby Combine gave the Trademark it had been using to Invoke.

Without this agreement, Plaintiffs fail to adequately allege a protectable ownership interest in the Trademark, either by use or agreement. The Complaint instead shows that Combine was the first to use the Trademark, which gives Combine the protectible ownership interest despite Invoke's subsequent registration. *See Rearden*, 683 F.3d at 1203. Because Plaintiffs fail to allege a protectable ownership interest, they fail to properly bring a Lanham Act claim under 15 U.S.C. § 1125(a). *See id.* And so, the Court must dismiss Count I of the Complaint for failure to state a claim.

### III.   **Supplemental Jurisdiction**

Count I's Lanham Act claim is the Complaint's only claim that falls under the Court's original jurisdiction. *See* 28 U.S.C. § 1338(a). By dismissing Count I, all that remain are state-law claims under the Court's supplemental jurisdiction. *See id.* § 1367(a). When all federal claims are dismissed before trial, a court should also dismiss the state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *see also* 28 U.S.C. § 1367(c)(3). Therefore, the Court will decline to exercise supplemental jurisdiction over the Complaint's remaining claims. As a result, it is not necessary to determine whether the Complaint states a claim for trademark infringement under Delaware law or whether the Court has personal jurisdiction over Brenkus. The Court will deny as moot these aspects of Defendant's Partial Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (Doc. 13) is **GRANTED** in part, with respect to Count I, and **DENIED** in part as moot, with respect to Count II and personal jurisdiction over Defendant John Brenkus.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint (Doc. 1) is **dismissed** with leave to file a First Amended Complaint within thirty (30) days of the date this Order is entered;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FINALLY ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 14th day of October, 2020.

Honorable Diane J. Humetewa
United States District Judge